**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SIDDHARTHA MAITY,<br><br>*Plaintiff*,<br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>*Defendant*. | Civil No. 2:19-cv-19861 (KSH) (CLW)<br><br>**Opinion** |

**Katharine S. Hayden, U.S.D.J.**

Plaintiff Siddhartha Maity has brought this suit against defendant Tata Consulting Services, Ltd. ("TCS") for alleged violations of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1589 *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, and state labor, tort, and contract laws. (D.E. 1.) Currently before the Court is TCS's motion to dismiss the complaint and compel Maity to arbitrate his claims pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. Maity has opposed and argues that the arbitration provision contained in a deputation agreement he signed is void because it is procedurally and substantively

unconscionable. The motion is fully briefed (D.E. 4, 5, 6) and the Court decides it without oral argument. *See* L. Civ. R. 78.1.

**Background**

For purposes of deciding this motion and without making findings, the Court recites the following facts taken from the complaint and Maity's opposition brief, which is supported by his declaration (D.E. 6-1), and TCS's reply brief, which is supported by the declaration of Ashok Seetharaman (D.E. 7-1). TCS, an international IT company, employed Maity as an IT consultant in Kolkata, India from 2007 to 2011. On November 29, 2011, TCS told Maity it wanted to transfer him to the United States and presented him with documents that outlined the terms and conditions of his employment there, including a deputation agreement ("the Agreement") for him to sign. (Maity Decl. ¶¶ 4, 7.) Contained in the Agreement is an arbitration clause, which provides in pertinent part:

> 9.  Dispute Resolution
>
> 9.1    Except as set forth in section 9.3, any and all controversies or claims arising out of or relating to the Employee's Deputation, compensation, this Agreement including its validity or its breach shall be submitted to and finally settled by binding arbitration by a single arbitrator or panel of three arbitrators as provided below. The venue for arbitration shall be Mumbai, India. The arbitrator shall be a retired judge of a City Civil Court. . . .
>
> 9.2    The arbitration proceeding shall be governed and conducted in accordance with the Indian Arbitration and Conciliation Act of 1996[.]

According to Maity, TCS gave him the option to review the documents and sign the Agreement, or decline and "be left jobless." (*Id.* at ¶¶ 6-7.) Maity states he was unaware of the existence of the arbitration clause, and that he signed the Agreement within 15 minutes of getting it. (*Id.* at ¶ 11.). TCS transferred him to the United States in 2011 and assigned him to work on a project in New Jersey.

**Procedural History**

On November 5, 2019, Maity filed a complaint asserting that he is a victim of "forced labor" trafficking, as that term is defined in the TVPA and that TCS failed to pay a lawful minimum wage in violation of the FLSA. The complaint also alleges common law claims of intentional and negligent infliction of emotional distress and breach of contract. (Compl. ¶ 34.) TCS has moved to dismiss for lack of subject-matter jurisdiction, failure to state a claim upon which relief may be granted, and seeks an order compelling Maity to arbitrate his claims in Mumbai, India. The foundation of TCS's motion is the arbitration provision in the Agreement, which TCS claims the parties "willfully [sic] entered into agreeing to arbitrate all causes of action arising out of his deputation to the United States and employment with TCS." (Moving Br. at 1-2.) In opposing, Maity argues that the Agreement is a contract of adhesion and the arbitration provision is unenforceable. (Opp. Br. at 7-11.) TCS filed a reply brief that addresses these issues.

**Discussion**

"The FAA federalizes arbitration law and 'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate . . . .'" *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 136 (3d Cir. 1998) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 n.32 (1983)). "[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. To determine whether an agreement to arbitrate exists at all, which is Maity's contention, the court shall apply "ordinary state-law principles that govern the formation of contracts." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009).

In *MZM Construction Co., Inc. v. N.J. Building Laborers Statewide Benefits Funds*, Nos. 18-3791 & 19-3102, 2020 WL 5509703, at *14 (3d Cir. Sept. 14, 2020), relying on *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764 (3d Cir. 2013), the Third Circuit held that "if the complaint states a claim *or the parties come forward with facts that put the formation of the arbitration agreement in issue*, the court may authorize 'limited discovery' to resolve that narrow issue for purposes of deciding whether to submit the matter to arbitration." *MZM*, 2020 WL 5509703, at *14 (emphasis added); *Guidotti*, 716 F.3d at 776. Once discovery is complete on that "narrow issue," the movant may renew its motion to compel, and the court -- using a Rule 56 summary judgment standard -- considers the question anew. *MZM*, 2020 WL 5509703, at *14.

Here, Maity contends that TCS needed to transfer him and allowed him only 15 minutes to decide whether to move from India to the United States. (Maity Decl. ¶¶ 4-7.) Maity also submits that even though he spoke "limited English" in 2011, TCS expected him to review, understand, and agree to "50 pages of legalese written in a miniscule font in a language that [he] barely spoke."[1] (Opp. Br. at 9; Maity Decl. ¶ 8.)

In its reply brief, TCS responds that as a "college educated professional," Maity "should have had no problem reading and understanding" the terms of his employment and the arbitration clause in the Agreement. (Reply Br. at 4.) To support that Maity knowingly entered into the Agreement, TCS points to a 2006 employment application in which Maity indicates his ability to "speak," "read," and "write" Bengali, English, and Hindi. (Seetharaman Decl., Ex. A.) TCS also looks to Maity's 1999 report card for further support and asserts that "in at least one school exam record . . . he performed higher in English than his native language." . (Reply Br. at 8 n2; Seetharaman Decl., Ex. B.)

**Holding**

The opposition and reply briefs and the supporting declarations demonstrate that the parties have "come forward with facts that put the formation of the arbitration agreement in issue." *MZM*, 2020 WL 5509703, at *14. As such, limited

---

[1] Maity's native language is Bengali and he claims that at the time he executed the Agreement, he spoke limited English. (Maity Decl. ¶ 8.)

discovery is in order under established Third Circuit precedent.  TCS's motion to dismiss the complaint and compel arbitration is denied without prejudice to renew it after the parties complete this limited discovery under the supervision of Judge Waldor.  An appropriate order will issue.

        /s/ Katharine S. Hayden
Date: October 26, 2020        Katharine S. Hayden, U.S.D.J.

6